PROTECTION & ADVOCACY, INC.
Pamela Cohen (CSB # 214940)
Frederick P. Nisen (CSB # 184089)
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201
pamela.cohen@pai-ca.org
fred.nisen@pai-ca.org

Stuart Seaborn (CSB #198590)
100 Howe Avenue, Suite 240N
Sacramento, CA 95825
Telephone: (916) 488-9950
Fax: (916) 488-9960
stuart.seaborn@pai-ca.org

AARP FOUNDATION LITIGATION
Susan Ann Silverstein (Pending admission *Pro Hac Vice*)
601 E Street, NW, Room A4-143
Washington, DC 20049
Telephone: (626) 585-2618
Facsimile: (202) 434-6424
ssilverstein@aarp.org

Barbara Jones (CSB #88448)
200 South Los Robles, Suite 400
Pasadena, CA 91101
Telephone: (626) 585-2628
Facsimile: (626) 583-8538
bjones@aarp.org

Attorneys for Plaintiff Lillian Hyatt

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

LILLIAN HYATT,

    Plaintiff,

    v.

NORTHERN CALIFORNIA
PRESBYTERIAN HOMES AND SERVICES,
INC.; MORRISON MANAGEMENT
SPECIALISTS, INC. DBA MORRISON
HEALTH CARE, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: C08-03265

COMPLAINT FOR INJUNCTIVE,
DECLARATORY, AND MONETARY RELIEF;
DEMAND FOR JURY TRIAL

## I.    INTRODUCTION

1.     This is a fair housing case in which plaintiff Lillian Hyatt, an 83-year-old woman with multiple disabilities, seeks injunctive, declaratory and monetary relief against Defendants for restricting her access to dining facilities at The Sequoias – San Francisco ("The Sequoias") Continuing Care Residential Community ("CCRC") solely because she requires the use of a walker.

2.     This case raises critical questions concerning the application of the Fair Housing Act and related statutes to retirement housing.  If senior housing providers are permitted to abrogate residents' civil rights, our national policy of "aging in place" is put in great jeopardy.  This Court must intervene to vindicate these important rights.

## II.    JURISDICTION AND VENUE

3.     Jurisdiction is conferred on this Court pursuant to 42 U.S.C. sections 3613 and 12188(a) and 28 U.S.C. sections 1331 and 1343(a)(3) in that the claims alleged herein arise under the laws of the United States.  This court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Mrs. Hyatt's state law claims because those claims are related to her federal law claims, and arise out of a common nucleus of related facts, such that those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     This Court has jurisdiction over Mrs. Hyatt's action for declaratory relief pursuant to 28 U.S.C. section 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 42 U.S.C. section 3613, 28 U.S.C. section 2203 and Rule 65 of the Federal Rules of Civil Procedure.

5.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Northern District of California.

## III.    INTRADISTRICT ASSIGNMENT

6.     Pursuant to Civil L-R 3.2(c), intradistrict assignment in San Francisco is proper because the unlawful conduct that gives rise to these claims occurred in the City and County of San Francisco.

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

#### IV.    PARTIES

7.    Plaintiff LILLIAN HYATT is an 83-year-old resident of the City and County of San Francisco. She is a retired professor of social work and an active, vibrant and social member of her community. Mrs. Hyatt has disabilities (or "handicaps") as defined under the federal Fair Housing and Americans with Disabilities Acts, and the California Fair Employment and Housing, Disabled Persons, and Unruh Civil Rights Acts. These disabilities include a mobility impairment, cricopharyngeal spasms (a swallowing disorder), and macular degeneration. Mrs. Hyatt has lived at The Sequoias for over seven years.

8.    Defendant NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC. ("NCPHS") owns and operates The Sequoias, a Continuing Care Residential Community ("CCRC") located in the City and County of San Francisco. The Sequoias is licensed as a Residential Care Facility for the Elderly ("RCFE") under California Health & Safety Code section 1569. It provides its residents with housing, meals, and a full program of social, physical and cultural activities.

9.    Defendant MORRISON MANAGEMENT SPECIALISTS , INC. DBA MORRISON HEALTH CARE, INC. ("Morrison") provides food services and runs the dining room at The Sequoias through its division Morrison Senior Dining, under a contract with NCPHS.

#### V.    FACTS

**Mrs. Hyatt wants and needs access to the dining room buffet tables with her walker**.

10.    Mrs. Hyatt has a mobility impairment that requires her to use a walker whenever she leaves her apartment.

11.    Mrs. Hyatt has cricopharangeal spasms, a swallowing disorder, which restricts her to eating only soft and pureed foods. This disorder also requires her to eat very slowly, such that it takes her approximately three hours to complete each meal.

12.    Mrs. Hyatt has severe macular degeneration, a vision impairment that gives her only peripheral vision and makes it difficult for her to read.

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

13.    Mrs. Hyatt places an order for some foods with the dining room staff approximately once a week. She selects other foods from the dining room buffet tables on a daily basis. Because of her swallowing disorder, Mrs. Hyatt eats all of her meals in her apartment.

14.    Because of her disabilities, Mrs. Hyatt must carefully select the foods that she can eat from the buffet table rather than from a menu, must puree the foods that are not already in a form that she can swallow, and must begin to eat her dinner by 6:00 p.m. at the latest, so that she has time to digest her meal before she goes to bed.

15.    Using her walker, Mrs. Hyatt is able to approach the buffet table, select her food, place it on the tray on her walker, and carry it back to her apartment without any assistance.

16.    Mrs. Hyatt values the flexibility to collect her food from the dining room buffet tables at the time of her choosing, during the dining room's normal hours of operation. This allows her to choose her own schedule, to select food while it is still fresh and available, and to socialize with other residents while they are in the dining room.

**Mrs. Hyatt's agreements with NCPHS require that NCPHS provide her with adequate and appropriate access to dining room facilities and services.**

17.    When Mrs. Hyatt moved to The Sequoias in March 2000, she signed a Care and Residence Agreement under which NCPHS agreed, among other things, to provide Mrs. Hyatt with "three nutritionally balanced meals per day," and to accommodate "all special diets prescribed by [her] personal physician as a medical necessity and approved by the staff physician."

18.    In May 2003, NCPHS, through its attorney, signed an agreement with Mrs. Hyatt which provided, among other things, that NCPHS would provide Mrs. Hyatt with food that she requires as a medical necessity, at no additional cost to her, her estate, or her personal representatives.

///

///

///

///

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

**Defendants have denied Mrs. Hyatt equal access to the dining room buffet tables as is provided to residents who do not use walkers.**

19.     The dining room at The Sequoias is divided into two sides: a "serve side" at which residents are provided with table service, and a buffet side at which residents obtain their own food from buffet tables.

20.     **The dining room at The Sequoias is open daily for breakfast from 7:00 – 9:00 a.m., for lunch from 12:00 – 1:30 p.m., and for dinner from 5:00 to 7:00 p.m.**

21.     The printed menu that is distributed to The Sequoias residents and is posted in the dining room does not completely list all of the foods that are available from the buffet tables at each meal. For example, the menu uses general descriptions such as "seafood of the day," and does not specifically list the items on the salad bar. Therefore, even if it were not difficult for Mrs. Hyatt to read the printed menu, she would have to approach the salad bar in order to determine what type of seafood is available for that meal, and whether the salad bar contains items that she can eat such as tofu and apricots.

22.     On information and belief, Defendants have a history of denying dining room access to residents at The Sequoias who use wheelchairs and walkers.

23.     NCPHS's current written policy states, in relevant part: "All persons using walkers should enter the dining room on the serve side, leaving walkers with staff who will put the walkers in the storage area." (See The Sequoias Bulletin #1.B, attached hereto as Exhibit A.) This written policy has been published and circulated to all residents.

24.     Defendants have consistently enforced the NCPHS policy of requiring residents to leave their walkers in a storage area during meals. This prevents Mrs. Hyatt and other residents who require walkers for mobility from having access to the buffet tables to select their food.

25.     In November 2007, while continuing to contest the validity of the facility's policy prohibiting the use of walkers in the dining room, Mrs. Hyatt discussed possible accommodations with Defendants. Defendants' position during these discussions was to offer to allow Mrs. Hyatt to use the buffet tables with her walker only after 5:45 p.m., and then only at the unfettered discretion of dining room staff. Mrs. Hyatt did not agree to that proposal.

4

26.     Since November 2007, Mrs. Hyatt has attempted to collect her food from the dining room earlier than 5:45 only once. This was followed by a written reprimand from The Sequoias Executive Director Michael Dougherty dated March 11, 2008, asking her to refrain from using the buffet tables before 5:45 p.m. Mrs. Hyatt's counsel responded to that reprimand with a letter to NCPHS's counsel clarifying that Mrs. Hyatt was limiting her time in the dining room to after 5:45 p.m. not because she wanted or agreed to do so, but because she felt under pressure to accede to the facility's demands while she explored her options for legal recourse.

27.     On June 19, 2008 Mrs. Hyatt's counsel wrote to NCPHS's counsel reiterating her request that the policy prohibiting walkers at the buffet tables be rescinded or waived.  NCPHS's counsel responded on June 26, 2008, rejecting Mrs. Hyatt's demand for access to the dining room buffet tables with her walker at any time when the dining room is open to other residents.

28.     Defendants' restrictions on Mrs. Hyatt's dining room access, particularly their insistence on maintaining discretion as to when  she can use the buffet, have caused Mrs. Hyatt anxiety, humiliation and distress, and have deterred her from attempting to use the buffet tables at times other than those to which Defendants have previously agreed.

**Defendants have harassed and retaliated against Mrs. Hyatt for exercising her rights.**

29.     Defendants have harassed and retaliated against Mrs. Hyatt for exercising her right to access to dining room facilities and services by further restricting her access to the dining room and dining room staff, discouraging her from expressing grievances and failing to cooperate when she does express them, and treating her with a lack of courtesy and respect.

30.     Defendants' harassment and retaliation have caused Mrs. Hyatt anxiety, humiliation and distress, and have deterred her from attempting to use the buffet tables at times other than the limited times proscribed by Defendants.

## VI.     CAUSES OF ACTION

### FIRST CLAIM

### (Federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*)

31.     Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 30 above.

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

32.     By their actions detailed above, Defendants have violated, and are continuing to violate, Mrs. Hyatt's rights under the Fair Housing Act, 42 U.S.C. section 3601, *et seq.* and its implementing regulations by engaging in the following unlawful practices, including but not limited to:

    a.     Discriminating or otherwise making unavailable a dwelling to her because of her disability, in violation of 42 U.S.C. section 3604(f)(1), in the following respects, among others:

        i)     Enacting, promulgating, and enforcing a policy that prohibits residents from using walkers at the buffet tables in the dining room;

        ii)     Denying Mrs. Hyatt the same access to the dining room buffet tables as it provides to residents who do not use walkers;

        iii)     Failing to cooperate with Mrs. Hyatt in redressing her grievances concerning her access to the dining room buffet tables; and,

        iv)     Discouraging Mrs. Hyatt from exercising her rights as a resident of The Sequoias.

    b.     Discriminating in the terms, conditions or privileges of occupancy of a dwelling because of disability, in violation of 42 U.S.C. section 3604(f)(2), by imposing as a term or condition of residency that she does not have equal access to the dining room buffet tables because she uses a walker;

    c.     Refusing to make reasonable accommodations in rules, policies, or services, when such accommodations may be necessary to afford Mrs. Hyatt equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. section 3604(f)(3)(B), by refusing to waive its policy of denying residents with walkers access to the dining room buffet tables;

    d.     Making statements with respect to sale or rental of a dwelling that indicate a preference, limitation or discrimination on the basis of disability, in violation of 42 U.S.C. section 3604(c), by publishing and otherwise communicating its

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

1  policy of denying residents who use walkers access to the dining room buffet

2  tables; and,

3  e.  Interfering with, threatening, coercing or intimidating Mrs. Hyatt by harassing

4  and retaliation against her because she has exercised or enjoyed her rights

5  under the Fair Housing Act, in violation of 42 U.S.C. section 3617.

6  **SECOND CLAIM**

7  **(Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*)**

8  33.  Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 32, above.

9  34.  By their conduct as set forth above, Defendants have violated, and are continuing to

10  violate, Mrs. Hyatt's rights under Title III of the Americans with Disabilities Act, 42 U.S.C.

11  section 12182 and its implementing regulations by engaging in the following unlawful practices,

12  including but not limited to:

13  a.  Acting, promulgating, and enforcing a policy that prohibits residents from

14  using walkers at the buffet tables in the dining room;

15  b.  Denying Mrs. Hyatt opportunities to participate in or benefit from certain of

16  their goods, services, facilities, privileges, advantages and accommodations

17  because of her disability;

18  c.  Providing Mrs. Hyatt goods, services, facilities, privileges, advantages and

19  accommodations that are not equal to those provided to others, and that are

20  separate and different from those provided to others;

21  d.  Refusing to serve Mrs. Hyatt in the most integrated setting appropriate to her

22  needs by not allowing her access to the dining room at times when she can

23  freely interact with other residents; and,

24  e.  Failing to make reasonable modifications to their policies, practices and

25  procedures by refusing to waive its policy of denying residents with walkers

26  access to the dining room buffet tables, when such modifications are

27  necessary to afford Mrs. Hyatt the opportunity to benefit from the goods,

28  services, privileges, advantages and accommodation at The Sequoias.

7

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

**THIRD CLAIM**

**(California Fair Employment and Housing Act,**

**California Government Code, §§ 12900, *et seq.*)**

35.    Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 34, above.

36.    By their conduct as set forth above, Defendants have violated, and are continuing to violate, Mrs. Hyatt's rights under the California Fair Employment and Housing Act, Government Code sections 12900, *et seq.* by engaging in the following unlawful practices, including but not limited to:

  a.    Enacting, promulgating, and enforcing a policy that prohibits residents from using walkers at the buffet tables in the dining room;

  b.    Discriminating in the terms, conditions or privileges of occupancy of a dwelling because of disability by not allowing Mrs. Hyatt equal access to the buffet tables because of a policy of not allowing walkers in the dining room;

  c.    Refusing to make reasonable accommodations in rules, policies, or services, when such accommodations may be necessary to afford Mrs. Hyatt equal opportunity to use and enjoy a dwelling, by refusing to waive its policy of denying residents with walkers access to the dining room buffet tables;

  d.    Making statements with respect to sale or rental of a dwelling that indicate a preference, limitation or discrimination on the basis of disability; and,

  e.    Interfering with, threatening, coercing or intimidating Mrs. Hyatt by harassing her because she has exercised or enjoyed her rights under the Fair Employment and Housing Act.

**FOURTH CLAIM**

**(California Unruh Civil Rights Act, California Civil Code § 51, *et seq.*)**

37.    Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 36, above.

38.    By their conduct as set forth above, Defendants have injured, and are continuing to injure, Mrs. Hyatt by violating her right to fair housing under the Unruh Civil Rights Act, California

8

PROTECTION & ADVOCACY, INC.
Pamela Cohen (CSB # 214940)
Frederick P. Nisen (CSB # 184089)
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201
pamela.cohen@pai-ca.org
fred.nisen@pai-ca.org

Stuart Seaborn (CSB #198590)
100 Howe Avenue, Suite 240N
Sacramento, CA 95825
Telephone: (916) 488-9950
Fax: (916) 488-9960
stuart.seaborn@pai-ca.org

AARP FOUNDATION LITIGATION
Susan Ann Silverstein (Pending admission *Pro Hac Vice*)
601 E Street, NW, Room A4-143
Washington, DC 20049
Telephone: (626) 585-2618
Facsimile: (202) 434-6424
ssilverstein@aarp.org

Barbara Jones (CSB #88448)
200 South Los Robles, Suite 400
Pasadena, CA 91101
Telephone: (626) 585-2628
Facsimile: (626) 583-8538
bjones@aarp.org

Attorneys for Plaintiff Lillian Hyatt

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LILLIAN HYATT, | Case No.: C08-03265 |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF; DEMAND FOR JURY TRIAL |
| v. | |
| NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC.; MORRISON MANAGEMENT SPECIALISTS, INC. DBA MORRISON HEALTH CARE, INC., | |
| Defendants. | |

## I.   **INTRODUCTION**

1.     This is a fair housing case in which plaintiff Lillian Hyatt, an 83-year-old woman with multiple disabilities, seeks injunctive, declaratory and monetary relief against Defendants for restricting her access to dining facilities at The Sequoias – San Francisco ("The Sequoias") Continuing Care Residential Community ("CCRC") solely because she requires the use of a walker.

2.     This case raises critical questions concerning the application of the Fair Housing Act and related statutes to retirement housing.  If senior housing providers are permitted to abrogate residents' civil rights, our national policy of "aging in place" is put in great jeopardy.  This Court must intervene to vindicate these important rights.

## II.   **JURISDICTION AND VENUE**

3.     Jurisdiction is conferred on this Court pursuant to 42 U.S.C. sections 3613 and 12188(a) and 28 U.S.C. sections 1331 and 1343(a)(3) in that the claims alleged herein arise under the laws of the United States.  This court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Mrs. Hyatt's state law claims because those claims are related to her federal law claims, and arise out of a common nucleus of related facts, such that those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     This Court has jurisdiction over Mrs. Hyatt's action for declaratory relief pursuant to 28 U.S.C. section 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 42 U.S.C. section 3613, 28 U.S.C. section 2203 and Rule 65 of the Federal Rules of Civil Procedure.

5.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Northern District of California.

## III.   **INTRADISTRICT ASSIGNMENT**

6.     Pursuant to Civil L-R 3.2(c), intradistrict assignment in San Francisco is proper because the unlawful conduct that gives rise to these claims occurred in the City and County of San Francisco.

1

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

#### IV.    PARTIES

7.    Plaintiff LILLIAN HYATT is an 83-year-old resident of the City and County of San Francisco. She is a retired professor of social work and an active, vibrant and social member of her community. Mrs. Hyatt has disabilities (or "handicaps") as defined under the federal Fair Housing and Americans with Disabilities Acts, and the California Fair Employment and Housing, Disabled Persons, and Unruh Civil Rights Acts. These disabilities include a mobility impairment, cricopharyngeal spasms (a swallowing disorder), and macular degeneration. Mrs. Hyatt has lived at The Sequoias for over seven years.

8.    Defendant NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC. ("NCPHS") owns and operates The Sequoias, a Continuing Care Residential Community ("CCRC") located in the City and County of San Francisco. The Sequoias is licensed as a Residential Care Facility for the Elderly ("RCFE") under California Health & Safety Code section 1569. It provides its residents with housing, meals, and a full program of social, physical and cultural activities.

9.    Defendant MORRISON MANAGEMENT SPECIALISTS , INC. DBA MORRISON HEALTH CARE, INC. ("Morrison") provides food services and runs the dining room at The Sequoias through its division Morrison Senior Dining, under a contract with NCPHS.

#### V.    FACTS

**Mrs. Hyatt wants and needs access to the dining room buffet tables with her walker**.

10.    Mrs. Hyatt has a mobility impairment that requires her to use a walker whenever she leaves her apartment.

11.    Mrs. Hyatt has cricopharangeal spasms, a swallowing disorder, which restricts her to eating only soft and pureed foods. This disorder also requires her to eat very slowly, such that it takes her approximately three hours to complete each meal.

12.    Mrs. Hyatt has severe macular degeneration, a vision impairment that gives her only peripheral vision and makes it difficult for her to read.

1     13.    Mrs. Hyatt places an order for some foods with the dining room staff approximately

2  once a week. She selects other foods from the dining room buffet tables on a daily basis. Because of

3  her swallowing disorder, Mrs. Hyatt eats all of her meals in her apartment.

4     14.    Because of her disabilities, Mrs. Hyatt must carefully select the foods that she can eat

5  from the buffet table rather than from a menu, must puree the foods that are not already in a form

6  that she can swallow, and must begin to eat her dinner by 6:00 p.m. at the latest, so that she has time

7  to digest her meal before she goes to bed.

8     15.    Using her walker, Mrs. Hyatt is able to approach the buffet table, select her food,

9  place it on the tray on her walker, and carry it back to her apartment without any assistance.

10    16.    Mrs. Hyatt values the flexibility to collect her food from the dining room buffet tables

11 at the time of her choosing, during the dining room's normal hours of operation. This allows her to

12 choose her own schedule, to select food while it is still fresh and available, and to socialize with

13 other residents while they are in the dining room.

14    **Mrs. Hyatt's agreements with NCPHS require that NCPHS provide her with adequate**

15    **and appropriate access to dining room facilities and services.**

16    17.    When Mrs. Hyatt moved to The Sequoias in March 2000, she signed a Care and

17 Residence Agreement under which NCPHS agreed, among other things, to provide Mrs. Hyatt with

18 "three nutritionally balanced meals per day," and to accommodate "all special diets prescribed by

19 [her] personal physician as a medical necessity and approved by the staff physician."

20    18.    In May 2003, NCPHS, through its attorney, signed an agreement with Mrs. Hyatt

21 which provided, among other things, that NCPHS would provide Mrs. Hyatt with food that she

22 requires as a medical necessity, at no additional cost to her, her estate, or her personal

23 representatives.

24 ///

25 ///

26 ///

27 ///

28

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

**Defendants have denied Mrs. Hyatt equal access to the dining room buffet tables as is provided to residents who do not use walkers.**

19.    The dining room at The Sequoias is divided into two sides: a "serve side" at which residents are provided with table service, and a buffet side at which residents obtain their own food from buffet tables.

20.    **The dining room at The Sequoias is open daily for breakfast from 7:00 – 9:00 a.m., for lunch from 12:00 – 1:30 p.m., and for dinner from 5:00 to 7:00 p.m.**

21.    The printed menu that is distributed to The Sequoias residents and is posted in the dining room does not completely list all of the foods that are available from the buffet tables at each meal. For example, the menu uses general descriptions such as "seafood of the day," and does not specifically list the items on the salad bar. Therefore, even if it were not difficult for Mrs. Hyatt to read the printed menu, she would have to approach the salad bar in order to determine what type of seafood is available for that meal, and whether the salad bar contains items that she can eat such as tofu and apricots.

22.    On information and belief, Defendants have a history of denying dining room access to residents at The Sequoias who use wheelchairs and walkers.

23.    NCPHS's current written policy states, in relevant part:  "All persons using walkers should enter the dining room on the serve side, leaving walkers with staff who will put the walkers in the storage area." (See The Sequoias Bulletin #1.B, attached hereto as Exhibit A.) This written policy has been published and circulated to all residents.

24.    Defendants have consistently enforced the NCPHS policy of requiring residents to leave their walkers in a storage area during meals.  This prevents Mrs. Hyatt and other residents who require walkers for mobility from having access to the buffet tables to select their food.

25.    In November 2007, while continuing to contest the validity of the facility's policy prohibiting the use of walkers in the dining room, Mrs. Hyatt discussed possible accommodations with Defendants. Defendants' position during these discussions was to offer to allow Mrs. Hyatt to use the buffet tables with her walker only after 5:45 p.m., and then only at the unfettered discretion of dining room staff.  Mrs. Hyatt did not agree to that proposal.

4

26.     Since November 2007, Mrs. Hyatt has attempted to collect her food from the dining room earlier than 5:45 only once. This was followed by a written reprimand from The Sequoias Executive Director Michael Dougherty dated March 11, 2008, asking her to refrain from using the buffet tables before 5:45 p.m. Mrs. Hyatt's counsel responded to that reprimand with a letter to NCPHS's counsel clarifying that Mrs. Hyatt was limiting her time in the dining room to after 5:45 p.m. not because she wanted or agreed to do so, but because she felt under pressure to accede to the facility's demands while she explored her options for legal recourse.

27.     On June 19, 2008 Mrs. Hyatt's counsel wrote to NCPHS's counsel reiterating her request that the policy prohibiting walkers at the buffet tables be rescinded or waived.  NCPHS's counsel responded on June 26, 2008, rejecting Mrs. Hyatt's demand for access to the dining room buffet tables with her walker at any time when the dining room is open to other residents.

28.     Defendants' restrictions on Mrs. Hyatt's dining room access, particularly their insistence on maintaining discretion as to when  she can use the buffet, have caused Mrs. Hyatt anxiety, humiliation and distress, and have deterred her from attempting to use the buffet tables at times other than those to which Defendants have previously agreed.

**Defendants have harassed and retaliated against Mrs. Hyatt for exercising her rights.**

29.     Defendants have harassed and retaliated against Mrs. Hyatt for exercising her right to access to dining room facilities and services by further restricting her access to the dining room and dining room staff, discouraging her from expressing grievances and failing to cooperate when she does express them, and treating her with a lack of courtesy and respect.

30.     Defendants' harassment and retaliation have caused Mrs. Hyatt anxiety, humiliation and distress, and have deterred her from attempting to use the buffet tables at times other than the limited times proscribed by Defendants.

## VI.     CAUSES OF ACTION

### FIRST CLAIM

**(Federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*)**

31.     Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 30 above.

---

5

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

1        32.    By their actions detailed above, Defendants have violated, and are continuing to

2    violate, Mrs. Hyatt's rights under the Fair Housing Act, 42 U.S.C. section 3601, *et seq.* and its

3    implementing regulations by engaging in the following unlawful practices, including but not limited

4    to:

5              a.    Discriminating or otherwise making unavailable a dwelling to her because of

6                   her disability, in violation of 42 U.S.C. section 3604(f)(1), in the following

7                   respects, among others:

8                   i)    Enacting, promulgating, and enforcing a policy that prohibits residents

9                       from using walkers at the buffet tables in the dining room;

10                   ii)    Denying Mrs. Hyatt the same access to the dining room buffet tables

11                       as it provides to residents who do not use walkers;

12                   iii)    Failing to cooperate with Mrs. Hyatt in redressing her grievances

13                       concerning her access to the dining room buffet tables; and,

14                   iv)    Discouraging Mrs. Hyatt from exercising her rights as a resident of

15                       The Sequoias.

16              b.    Discriminating in the terms, conditions or privileges of occupancy of a

17                   dwelling because of disability, in violation of 42 U.S.C. section 3604(f)(2), by

18                   imposing as a term or condition of residency that she does not have equal

19                   access to the dining room buffet tables because she uses a walker;

20              c.    Refusing to make reasonable accommodations in rules, policies, or services,

21                   when such accommodations may be necessary to afford Mrs. Hyatt equal

22                   opportunity to use and enjoy a dwelling, in violation of 42 U.S.C.

23                   section 3604(f)(3)(B), by refusing to waive its policy of denying residents

24                   with walkers access to the dining room buffet tables;

25              d.    Making statements with respect to sale or rental of a dwelling that indicate a

26                   preference, limitation or discrimination on the basis of disability, in violation

27                   of 42 U.S.C. section 3604(c), by publishing and otherwise communicating its

28

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

1    policy of denying residents who use walkers access to the dining room buffet

2    tables; and,

3      e.  Interfering with, threatening, coercing or intimidating Mrs. Hyatt by harassing

4    and retaliation against her because she has exercised or enjoyed her rights

5    under the Fair Housing Act, in violation of 42 U.S.C. section 3617.

6    **SECOND CLAIM**

7    **(Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*)**

8      33.  Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 32, above.

9      34.  By their conduct as set forth above, Defendants have violated, and are continuing to

10    violate, Mrs. Hyatt's rights under Title III of the Americans with Disabilities Act, 42 U.S.C.

11    section 12182 and its implementing regulations by engaging in the following unlawful practices,

12    including but not limited to:

13      a.  Acting, promulgating, and enforcing a policy that prohibits residents from

14    using walkers at the buffet tables in the dining room;

15      b.  Denying Mrs. Hyatt opportunities to participate in or benefit from certain of

16    their goods, services, facilities, privileges, advantages and accommodations

17    because of her disability;

18      c.  Providing Mrs. Hyatt goods, services, facilities, privileges, advantages and

19    accommodations that are not equal to those provided to others, and that are

20    separate and different from those provided to others;

21      d.  Refusing to serve Mrs. Hyatt in the most integrated setting appropriate to her

22    needs by not allowing her access to the dining room at times when she can

23    freely interact with other residents; and,

24      e.  Failing to make reasonable modifications to their policies, practices and

25    procedures by refusing to waive its policy of denying residents with walkers

26    access to the dining room buffet tables, when such modifications are

27    necessary to afford Mrs. Hyatt the opportunity to benefit from the goods,

28    services, privileges, advantages and accommodation at The Sequoias.

7

**THIRD CLAIM**

**(California Fair Employment and Housing Act,**

**California Government Code, §§ 12900, *et seq.*)**

35.    Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 34, above.

36.    By their conduct as set forth above, Defendants have violated, and are continuing to violate, Mrs. Hyatt's rights under the California Fair Employment and Housing Act, Government Code sections 12900, *et seq.* by engaging in the following unlawful practices, including but not limited to:

    a.    Enacting, promulgating, and enforcing a policy that prohibits residents from using walkers at the buffet tables in the dining room;

    b.    Discriminating in the terms, conditions or privileges of occupancy of a dwelling because of disability by not allowing Mrs. Hyatt equal access to the buffet tables because of a policy of not allowing walkers in the dining room;

    c.    Refusing to make reasonable accommodations in rules, policies, or services, when such accommodations may be necessary to afford Mrs. Hyatt equal opportunity to use and enjoy a dwelling, by refusing to waive its policy of denying residents with walkers access to the dining room buffet tables;

    d.    Making statements with respect to sale or rental of a dwelling that indicate a preference, limitation or discrimination on the basis of disability; and,

    e.    Interfering with, threatening, coercing or intimidating Mrs. Hyatt by harassing her because she has exercised or enjoyed her rights under the Fair Employment and Housing Act.

**FOURTH CLAIM**

**(California Unruh Civil Rights Act, California Civil Code § 51, *et seq.*)**

37.    Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 36, above.

38.    By their conduct as set forth above, Defendants have injured, and are continuing to injure, Mrs. Hyatt by violating her right to fair housing under the Unruh Civil Rights Act, California

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

1    Civil Code section 51, in that Defendants discriminated against her in the operation of The Sequoias,

2    a business establishment, on the basis of her disability.

3        39.    Pursuant to California Civil Code section 52(a), Mrs. Hyatt is entitled to statutory

4    damages of up to three times her actual damages as determined by a trier of fact, and no less than

5    $4,000.

6                                    **FIFTH CLAIM**

7            **(California Disabled Persons Act, California Civil Code § 54.1)**

8        40.    Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 39, above.

9        41.    Defendants have injured, and are continuing to injure, Mrs. Hyatt by engaging in the

10   following unlawful practices, including but not limited to:

11            a.    Enacting, promulgating, and enforcing a policy that prohibits residents from

12                  using walkers at the buffet tables in the dining room;

13            b.    Denying full and equal access to housing accommodations, in violation of

14                  California Civil Code section 54.1(b)(1); and,

15            c.    Refusing to make reasonable accommodations in rules, policies, practices or

16                  services when those accommodations may be necessary to afford individuals

17                  with disabilities equal opportunity to use and enjoy housing accommodations,

18                  in violation of California Civil Code section 54.1(b)(3)(B) , by refusing to

19                  waive its policy of denying residents with walkers access to the dining room

20                  buffet tables.

21       42.    Pursuant to California Civil Code section 54.3(a), Mrs. Hyatt is entitled to statutory

22   damage of up to three times her actual damages as determined by a trier of fact, and no less than

23   $1,000.

24                                    **SIXTH CLAIM**

25                                    **(Negligence)**

26       43.    Mrs. Hyatt realleges and incorporates by reference paragraphs 1 through 41 above.

27

28

---

9

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

44.     Defendants had statutory, common law and contractual duties to operate The Sequoias and its dining room in such a manner as to not interfere with the civil rights of Mrs. Hyatt and to ensure that their agents and employees acted in a non-discriminatory manner.

45.     Defendants owed Mrs. Hyatt a duty to operate The Sequoias and its dining room in a manner that was free from discrimination, and to hire, train, supervise and discipline their employees, agents and themselves to fulfill that duty.

46.     Defendants negligently violated that duty by discriminating against Mrs. Hyatt on account of her disability.

47.     Defendants' violation of that duty was the result of negligence, including, but not limited to:

     a.     Their negligent failure to train employees regarding the requirements of state and federal anti-discrimination laws and how to interact appropriately with residents who have disabilities;

     b.     Their negligent failure to hire persons who were familiar with the requirements of state and federal anti-discrimination laws and how to interact appropriately with residents who have disabilities; and

     c.     Their negligent failure to supervise employees regarding compliance with the requirements of state and federal anti-discrimination laws and how to interact appropriately with residents who have disabilities.

## VII.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lillian Hyatt respectfully prays for the following relief from the Court:

1.     Declare that Defendants' discriminatory policy and  practice of prohibiting the use of walkers at the buffet tables in the dining room violate the Fair Housing Act, as amended, 42 U.S.C. sections 3601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, the California Fair Employment and Housing Act, California Government Code sections 12900, *et seq.* and the California Unruh Civil Rights Act, California Civil Code sections 51, *et seq.* and the other provisions cited above;

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

1    2.    Enjoin Defendants, their officers, agents, employees, successors and all other persons

2    in active concert or participation with any of them, from further continuing to implement policies

3    and practices that restrict the rights of residents to use walkers at the dining room buffet tables.;

4    3.    Award statutory and punitive damages to Plaintiff in an amount to be determined

5    pursuant to 42 U.S.C. section 3613(c)(1) and state law;

6    4.    Award reasonable costs and attorneys' fees pursuant to 42 U.S.C. sections 3613(c)(2)

7    and 12205 and state law, including California Code of Civil Procedure 1021.5; and,

8    5.    Award any further relief the Court may deem appropriate.

9    ### VIII.    DEMAND FOR JURY TRIAL

10    Pursuant to Fed. R. Civ. P. 38(b), the Plaintiff demands a trial by jury of all issues so triable

11    as of right.

12

13    DATED:  July 7, 2008                    PROTECTION & ADVOCACY, INC

14                                            AARP FOUNDATION LITIGATION

15

16

17    By: _____
                                            Pamela Cohen
18                                          Protection & Advocacy, Inc.
                                            Attorneys for Plaintiff Lillian Hyatt
19

20

21

22    F:\DOCS\Pamelac\Clients\Hyatt, Lillian - Housing\Court Documents\Complaint\Complaint 7-7-08 Final.doc

23

24

25

26

27

28

Hyatt v. N. Cal. Presbyterian Homes and Services, et al.
COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF

# EXHIBIT A

The Sequoias – San Francisco                     Bulletin #1.B
                                                 **Revised 7/17/06**

# DINING ROOM PROCEDURES

## RESERVATIONS:

You may reserve a table of any size up to 8 people, including host, in either the Buffet or the Formal Room (service side). Please register outside guests with the host before being seated. Please do not reserve a table larger than needed.

Dining room staff will accept dinner reservations for 5:00 pm with a choice of tables on a first come, first choice basis. Second seating reservations for 6:15 pm will be assigned tables as they become available. All reservations are made on a one time basis. No standing reservations can be accepted.

There is a ten minute grace period for all reservations. After the grace period expires, reservations are automatically cancelled to make seating available for other guests.

First seating diners should vacate tables if needed for the second seating by 6:00 pm so that the servers can get them ready. The lounge will then be available with coffee, tea and desserts so that the early diners can comfortably continue their conversation. Two seatings are for formal dining room only.

Only breakfast tables are permanently assigned.

## HOURS TO MAKE THE DINING ROOM RESERVATION:

In person only from 9:00 am – 10:00 a.m. Also, 1:00 pm – 2:00 pm.
Reservation will be taken via voice mail at ext. 5301 at all times.
For lunch reservations: Buffet and Service Side – 12:00 noon
For dinner reservations:  Buffet – Sunday through Friday, reserve anytime
                                                 Saturday 5:00 pm and 6:15 pm
Service side – Sunday through Saturday, 5:00 pm and 6:15 pm

## DINING ROOM HOURS:

> Breakfast: 7am – 9:00 am
> Lunch: Noon to 1:30 pm –last order taken at 1:15 pm for formal dining room only.
> Dinner: 5:00 pm to 7:00 pm – last order taken at 6:45 pm for formal dining room only.

Residents should choose either the Formal or Buffet Dining Room. Formal diners may not take food from the Buffet, except at breakfast.

Residents **who need service** will receive it by (a) sitting on the serve side or (b) by sitting on the buffet side as near to the serve side as possible.

All persons using walkers should enter the dining room on the serve side, leaving walkers with staff who will put the walkers in the storage area.

Monthly birthday parties will be held in the California Suite.

Floor parties should not be scheduled on Fridays, Saturdays or Sundays. No catering is available on weekends.

**\*\*ONLY** votive-type candles are allowed in the dining room\*\*

*J. JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

LILLIAN HYATT

## DEFENDANTS

NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC.; MORRISON MANAGEMENT SPECIALISTS, INC.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

PROTECTION & ADVOCACY, INC.
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone: (510) 267-1200

Attorneys (If Known)

Paul Gordon (for Northern Calif. Presbyterian Homes Services, Inc.)
Hanson Bridgett, LLP
425 Market Street, 26th Floor
San Francisco, CA  94105

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [X] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | [ ] 871 IRS—Third Party | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | [ ] 900 Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Housing Act and Americans with Disabilities Act

Brief description of cause:
Denial of Civil Rights

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE
July 7, 2008

SIGNATURE OF ATTORNEY OF RECORD

Clear Form

AO 440 (Rev. 03/08) Civil Summons (cand 6/08)

# UNITED STATES DISTRICT COURT
### for the
## NORTHERN DISTRICT OF CALIFORNIA

LILLIAN HYATT,

Plaintiff

v.

NORTHERN CALIFORNIA PRESBYTERIAN
HOMES AND SERVICES, INC.; MORRISON
MANAGEMENT SPECIALISTS, INC. DBA
MORRISON HEALTH CARE, INC.

Defendant

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

C08-03265

ADR

EMC

### Summons in a Civil Action

To: MORRISON MANAGEMENT SPECIALISTS, INC. DBA MORRISON HEALTH CARE, INC.

(Defendant's name)

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve
on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The
answer or motion must be served on the plaintiff's attorney, whose name and address are:

PROTECTION & ADVOCACY, INC.
Pamela Cohen
Frederick P. Nisen
1330 Broadway, Suite 500
Oakland, CA  94612

Stuart Seaborn
100 Howe Avenue, Suite 240N
Sacramento, CA  95825

AARP FOUNDATION LITIGATION
Susan Ann Silverstein
601 E Street, NW, Room A4-143
Washington, DC  20049

Barbara Jones
200 South Los Robles, Suite 400
Pasadena, CA  91101

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also
must file your answer or motion with the court.

Richard W. Wieking
Name of clerk of court

Date:  JUL - 7 2008

Deputy clerk's signature

(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by
Rule 12(a)(3).)

Clear Form

AO 440 (Rev. 03/08) Civil Summons (cand 6/08)

# UNITED STATES DISTRICT COURT filing
### for the
## NORTHERN DISTRICT OF CALIFORNIA

LILLIAN HYATT,

              Plaintiff

v.

NORTHERN CALIFORNIA PRESBYTERIAN
HOMES AND SERVICES, INC.; MORRISON
MANAGEMENT SPECIALISTS, INC. DBA
MORRISON HEALTH CARE, INC.
              Defendant

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

ADR

C08-03265 EMC

### Summons in a Civil Action

To:  NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC.

      *(Defendant's name)*

A lawsuit has been filed against you.

      Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, whose name and address are:

PROTECTION & ADVOCACY, INC.
Pamela Cohen
Frederick P. Nisen
1330 Broadway, Suite 500
Oakland, CA  94612

Stuart Seaborn
100 Howe Avenue, Suite 240N
Sacramento, CA  95825

AARP FOUNDATION LITIGATION
Susan Ann Silverstein
601 E Street, NW, Room A4-143
Washington, DC  20049

Barbara Jones
200 South Los Robles, Suite 400
Pasadena, CA  91101

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL - 7 2008

Date: _____

Richard W. Wieking
Name of clerk of court

_____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*