JOHN M. JULIUS III, Bar No. 112640
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone:    619.232.0441

Attorneys for Defendants
MORRISON MANAGEMENT SPECIALISTS,
INC. DBA MORRISON HEALTH CARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LILLIAN HYATT, | Case No.  C O8-03265 EMC |
| Plaintiff, | ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |
| v. | |
| NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC.; MORRISON MANAGEMENT SPECIALISTS, INC., DBA MORRISON HEALTHCARE, INC., | |
| Defendant. | |

Defendant MORRISON MANAGEMENT SPECIALISTS, INC. ("Morrison") hereby responds to the Complaint ("Complaint") filed by Plaintiff LILLIAN HYATT ("Plaintiff") in the above-captioned matter as follows:

1.      Answering the allegations set forth in Paragraph 1 of the Complaint, Defendant admits that Plaintiff Lillian Hyatt has initiated a lawsuit pertaining to the listed property and facilities, and that the lawsuit seeks injunctive, declaratory and monetary relief against all Defendants.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and every allegation contained therein.

2.      Answering the allegations set forth in Paragraph 2 of the Complaint, these are merely argument for which no response is required.  To the extent that a response is required by this

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1  Defendant, Defendant denies generally and specifically those allegations.

2        3.  Answering the allegations set forth in Paragraph 3 of the Complaint, Defendant admits that this Court has jurisdiction over the above-captioned matter and that this Court may exercise supplemental jurisdiction over the state law claims set forth in the Complaint. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 3, Defendant denies generally and specifically each and every allegation contained therein.

      4.  Answering the allegations set forth in Paragraph 4 of the Complaint, Defendant admits that this Court has jurisdiction over the declaratory relief allegations set forth in the Complaint. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 4, Defendant denies generally and specifically each and every allegation contained therein.

      5.  Answering the allegations set forth in Paragraph 5 of the Complaint, Defendant admits that venue is proper. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 5, Defendant denies generally and specifically each and every allegation contained therein.

      6.  Answering the allegations set forth in Paragraph 6 of the Complaint, Defendant admits that intra-district assignment in San Francisco is proper. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 6, Defendant denies generally and specifically each and every allegation contained therein.

      7.  Answering the allegations set forth in Paragraph 7 of the Complaint, Defendant admits that Plaintiff is a resident of the City and County of San Francisco and that she has disabilities. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations and, based on that ground, denies generally and specifically all remaining allegations.

      8.  Answering the allegations set forth in Paragraph 8 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny the allegations and, based on that ground, denies generally and specifically those allegations.

      9.  Answering the allegations set forth in Paragraph 9 of the Complaint,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

2.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  Defendant admits the allegations contained therein.

2          10.    Answering the allegations set forth in Paragraph 10 of the Complaint,
3  Defendant lacks sufficient information and belief upon which to admit or deny the allegations and,
4  based on that ground, denies generally and specifically those allegations.

5          11.    Answering the allegations set forth in Paragraph 11 of the Complaint,
6  Defendant lacks sufficient information and belief upon which to admit or deny the allegations and,
7  based on that ground, denies generally and specifically those allegations.

8          12.    Answering the allegations set forth in Paragraph 12 of the Complaint,
9  Defendant lacks sufficient information and belief upon which to admit or deny the allegations and,
10 based on that ground, denies generally and specifically those allegations.

11         13.    Answering the allegations set forth in Paragraph 13 of the Complaint,
12 Defendant admits that Plaintiff has, in recent months, placed food orders with the dining room staff
13 approximately once a week and that regularly she selects other foods from the dining room buffet
14 tables. Defendant lacks sufficient information and belief upon which to admit or deny the remaining
15 allegations and, based on that ground, denies generally and specifically those allegations.

16         14.    Answering the allegations set forth in Paragraph 14 of the Complaint
17 Defendant lacks sufficient information and belief upon which to admit or deny the allegations and,
18 based on that ground, denies generally and specifically those allegations.

19         15.    Answering the allegations set forth in Paragraph 15 of the Complaint
20 Defendant denies generally and specifically each and every allegation contained therein.

21         16.    Answering the allegations set forth in Paragraph 16 of the Complaint,
22 Defendant lacks sufficient information and belief upon which to admit or deny the allegations and,
23 based on that ground, denies generally and specifically those allegations.

24         17.    Answering the allegations set forth in Paragraph 17 of the Complaint, this
25 paragraph alleges conduct against parties other than this defendant, and so no response thereto is
26 necessary. To the extent that a response is required by this Defendant, Defendant lacks sufficient
27 information and belief upon which to admit or deny the allegations with respect to such other parties
28 and, based on that ground, denies generally and specifically those allegations. Defendant denies

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

3.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  each and every allegation contained therein as they pertain to Morrison.

2        18.   Answering the allegations set forth in Paragraph 18 of the Complaint, these
3  paragraphs allege conduct regarding parties other than this defendant, and so no response thereto is
4  necessary. To the extent that a response is required by this Defendant, Defendant lacks sufficient
5  information and belief upon which to admit or deny the allegations with respect to such other parties
6  and, based on that ground, denies generally and specifically those allegations. Defendant denies
7  each and every allegation contained therein as they pertain to Morrison.

8        19.   Answering the allegations set forth in Paragraph 19 of the Complaint,
9  Defendant admits that the independent-living area dining room at The Sequoias San Francisco has a
10 full-service section where residents order from menus and are served at their tables by dining room
11 staff, and a buffet section where residents typically serve themselves from four separate buffet
12 stations. Defendant denies generally and specifically each and every remaining allegation of this
13 paragraph.

14       20.   Answering the allegations set forth in Paragraph 20 of the Complaint,
15 Defendant admits those allegations.

16       21.   Answering the allegations set forth in Paragraph 21 of the Complaint,
17 Defendant admits that the facility has had, until recently, a five-week cyclical written menu
18 schedule. This information is distributed to residents in addition to being available in the dining
19 room. In addition, daily menu information is available on television information screens throughout
20 the facility. Because she is on a special diet, Plaintiff has the ability to special order (and does
21 special order) food items, including many fruits and vegetables. Defendant denies generally and
22 specifically each and every remaining allegation of this paragraph.

23       22.   Answering the allegations set forth in Paragraph 22 of the Complaint,
24 Defendant denies each and every allegation contained therein.

25       23.   Answering the allegations set forth in Paragraph 23 of the Complaint, this
26 paragraph alleges conduct against parties other than this defendant, and so no response thereto is
27 necessary. To the extent that a response is required by this Defendant, Defendant lacks sufficient
28 information and belief upon which to admit or deny the allegations with respect to such other parties

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

4.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  and, based on that ground, denies generally and specifically those allegations. Defendant denies
2  each and every allegation contained therein as they pertain to Morrison.

3        24.      Answering the allegations set forth in Paragraph 24 of the Complaint,
4  Defendant admits that its personnel enforce the policy that requires residents to leave their walkers
5  with staff while they go through the buffet line; however, the facility has made an exception for Ms.
6  Hyatt, and she is allowed to use her walker to navigate the buffet line under certain guidelines.
7  Defendant also admits that it is the facility's practice to store walkers once the resident has been
8  seated in order to eliminate the tripping hazard they represent  Defendant denies generally and
9  specifically each and every remaining allegation of this paragraph.

10        25.      Answering the allegations set forth in Paragraph 25 of the Complaint,
11  Defendant denies each and every allegation contained therein.

12        26.      Answering the allegations set forth in Paragraph 26 of the Complaint, this
13  paragraph alleges conduct against parties other than this defendant, and so no response thereto is
14  necessary. To the extent that a response is required by this Defendant, Defendant lacks sufficient
15  information and belief upon which to admit or deny the allegations with respect to such other parties
16  and, based on that ground, denies generally and specifically those allegations. Defendant denies
17  each and every allegation contained therein as they pertain to Morrison.

18        27.      Answering the allegations set forth in Paragraph 27 of the Complaint, this
19  paragraph alleges conduct against parties other than this defendant, and so no response thereto is
20  necessary. To the extent that a response is required by this Defendant, Defendant lacks sufficient
21  information and belief upon which to admit or deny the allegations with respect to such other parties
22  and, based on that ground, denies generally and specifically those allegations. Defendant denies
23  each and every allegation contained therein as they pertain to Morrison.

24        28.      Answering the allegations set forth in Paragraph 28 of the Complaint,
25  Defendant denies generally and specifically each and every allegation contained therein.

26        29.      Answering the allegations set forth in Paragraph 29 of the Complaint,
27  Defendant denies generally and specifically each and every allegation contained therein.

28        30.      Answering the allegations set forth in Paragraph 30 of the Complaint,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

5.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  Defendant denies generally and specifically each and every allegation contained therein.

2        31.    Answering the allegations set forth in Paragraph 31 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein and further incorporates its responses to paragraphs 1 through 30 contained herein.

      32.    Answering the allegations set forth in Paragraph 32 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

      33.    Answering the allegations set forth in Paragraph 33 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein and further incorporates its responses to paragraphs 1 through 32 contained herein.

      34.    Answering the allegations set forth in Paragraph 34 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

      35.    Answering the allegations set forth in Paragraph 35 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein and further incorporates its responses to paragraphs 1 through 34 contained herein.

      36.    Answering the allegations set forth in Paragraph 36 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

      37.    Answering the allegations set forth in Paragraph 37 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein and further incorporates its responses to paragraphs 1 through 36 contained herein.

      38.    Answering the allegations set forth in Paragraph 38 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

      39.    Answering the allegations set forth in Paragraph 39 of the Complaint, this is a prayer for relief and no response is required. To the extent that a response is required by this Defendant, Defendant denies generally and specifically those allegations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

6.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

40. Answering the allegations set forth in Paragraph 40 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein and further incorporates its responses to paragraphs 1 through 39 contained herein.

41. Answering the allegations set forth in Paragraph 41 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

42. Answering the allegations set forth in Paragraph 42 of the Complaint, this is a prayer for relief and no response is required. To the extent that a response is required by this Defendant, Defendant denies generally and specifically those allegations.

43. Answering the allegations set forth in Paragraph 43 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein and further incorporates its responses to paragraphs 1 through 41 contained herein.

44. Answering the allegations set forth in Paragraph 44 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

45. Answering the allegations set forth in Paragraph 45 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

46. Answering the allegations set forth in Paragraph 46 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

47. Answering the allegations set forth in Paragraph 47 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

48. Answering the allegations contained in the Prayer For Relief, Defendant denies that plaintiff was damaged in any manner by Defendant's conduct and further denies that Plaintiff is entitled to injunctive relief, damages or attorneys' fees or costs, or any other relief or remedy. The remaining allegations are requests for relief and as such require no response. However, to the extent a response is required, Defendant denies generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

7.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each claim for relief stated therein, fails to state facts sufficient to constitute any cause of action or claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second, separate and distinct affirmative defense, Defendant alleges that the accommodations and changes to the dining room policies demanded by plaintiff are not reasonable.

## THIRD AFFIRMATIVE DEFENSE

As a third, separate and distinct affirmative defense, Defendant alleges that Defendant alleges that it reasonably accommodates persons with handicaps and disabilities.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and distinct affirmative defense, Defendant alleges that modifications to the policies as demanded by plaintiff are not readily achievable and/or feasible.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and distinct affirmative defense, Defendant alleges that the burden and risk of harm of some or all of the modifications to the programs, services, policies, assignments, activities and procedures that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of cost and scope to the benefit, and would constitute an undue financial or administrative hardship on Defendant.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and distinct affirmative defense, Defendant alleges that that the modifications to Defendant's programs, services, policies, assignments, activities and procedures requested by Plaintiff would fundamentally alter the nature of its services.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiff has equal access to the facilities and establishment at issue as non-disabled individuals.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

8.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and distinct affirmative defense, Defendant alleges that its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by federal law including, but not limited to, the ADA.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and distinct affirmative defense, Defendant alleges that it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased, and/or operated by Defendant as required by federal law including, but not limited to, the ADA.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and distinct affirmative defense, Defendant alleges that it granted access to its facilities to Plaintiff but ultimately any exclusion of Plaintiff from its facilities, or any limitation on her access, if that did occur, was for reasons rationally related to the services performed, the facilities provided by Defendant, and the safety of others.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and distinct affirmative defense, Defendant alleges that its activities with respect to dining room users, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and distinct affirmative defense, Defendant alleges that it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased, and/or operated by Defendant as required by California law including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and distinct affirmative defense, Defendant alleges that Civil Code §§ 54.3 and 55, providing for public prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and damages provided for by Civil Code § 52 are not

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

9.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

recoverable for such violations.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and distinct affirmative defense, Defendant alleges that Civil Code §§ 54.1 and 53 do not create a private cause of action for damages for asserted discrimination, and Civil Code § 55 provides only a private action enjoining such statutory violation.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by the negligence of Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff did not exercise due caution or care with respect to the matters alleged in the Complaint and if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth, separate and distinct affirmative defense, Defendant alleges that that to the extent Plaintiff has suffered any injury, the injury is due in whole or in part to persons or forces other than Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth, separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth separate and distinct affirmative defense, Defendant alleges that some or all of Plaintiff's claims are moot.

### TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth, separate and distinct affirmative defense, Defendant alleges that

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000    10.    ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  Plaintiff lacks standing because she is unable to demonstrate a "pattern and practice" of
2  discrimination under the Federal Fair Housing Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a twenty-first, separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred in that all times relevant hereto, Defendants acted reasonably, in good faith and without malice, based upon the relevant facts and circumstances known to them at the time it acted, if at all.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a twenty-second, separate and distinct affirmative defense, Defendant alleges that Plaintiff consented to all actions taken, if any, and Defendant's actions, if any, were therefore privileged.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third, separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to exhaust the administrative remedies available to her.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for relief are barred by the applicable statutes of limitations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a twenty-fifth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to challenge programs, services, assignments or actions for which she failed to apply, for which she was not denied or to which she was not subject.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a twenty-sixth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not legally entitled to recover any attorneys' fees with regard to this matter.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a twenty-seventh, separate and distinct affirmative defense, Defendant alleges that printed materials, notices or statements with regard to the use of its services do not communicate any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

11.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  discriminatory motive or purpose to any ordinary reader or listener.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a twenty-eighth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff was not denied meaningful participation in nor denied the benefits of Defendant's programs, services, assignments or activities.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As a twenty-ninth, separate and distinct affirmative defense, Defendant alleges that policies and guidelines regarding the use of buffet lines are interpreted and applied so as to provide a reasonable accommodation to handicapped or disabled persons.

## THIRTIETH AFFIRMATIVE DEFENSE

As a thirtieth, separate and distinct affirmative defense, Defendant alleges that the policies, guidelines, and actions taken regarding the use of buffet lines by persons that use walkers do not impose an undue hardship on handicapped or disabled persons.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a thirty-first, separate and distinct affirmative defense, Defendant alleges the policies and guidelines regarding the use of walkers and other tripping hazards do not cause a disparate impact on any person.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a thirty-second, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not a qualified individual with a disability as she poses a significant risk or direct threat to the health and safety of herself or others if she uses a walker in the buffet line during peak periods.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a thirty-third, separate and distinct affirmative defense, Defendant alleges that at no time did Defendant's policies and procedures result in less than full access for handicapped or disabled persons at Defendant's facility.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a thirty-fourth, separate and distinct affirmative defense, Defendant alleges that at all relevant times, Defendant and its agents or employees acted within the scope of their discretion,

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

12.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  with due care and good faith fulfillment of their responsibilities in accordance with applicable
2  statutes, rules, regulations, and established procedures and practices, within the bounds of reason
3  under all circumstances known to them, and with the good faith belief that their actions comported
4  with all applicable federal and state laws.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a thirty-fifth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's complaint, and each purported cause of action contained therein, is barred because the parties (while denying any wrongdoing or liability) have already settled their dispute.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a thirty-sixth, separate and distinct affirmative defense, Defendant alleges that the Plaintiff's complaint, and each purported cause of action contained therein, is barred because there is an accord and satisfaction as to Plaintiff's concerns with the dining room and meals served by Defendant.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a thirty-seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to state facts sufficient to constitute a cause of action for which punitive or exemplary damages may be awarded against Defendants.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a thirty-eighth, separate and distinct affirmative defense, Defendant alleges that an award of punitive damages is unconstitutional as it violates the due process clauses of the California and the United States Constitutions.

THIRTY-NINTH AFFIRMATIVE DEFENSE

As a thirty-ninth, separate and distinct affirmative defense, Defendant alleges that the provisions Plaintiff relies upon for an award of punitive or exemplary damages, and the substantive rules and procedures and standards for determining the amount and/or whether or not to award such damages, and if so, in what amount, violates the due process and equal protection rights of Defendants under the Constitutions of the United States and the State of California.

/ / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

13.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## FORTIETH AFFIRMATIVE DEFENSE

As a fortieth, separate and distinct affirmative defense, Defendant alleges that because Plaintiff's complaint is vague, ambiguous, and written in conclusory terms, Defendant cannot fully anticipate all legal defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional legal defenses to the extent such defenses are applicable.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint and each claim for relief therein be dismissed in its entirety with prejudice;

2. Plaintiff take nothing by way of her Complaint and each claim for relief therein;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein;

4. That the Court order such other and further relief for Defendants as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial.

Dated: August 4, 2008

/s/ John M. Julius III
JOHN M. JULIUS III
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MORRISON MANAGEMENT SPECIALISTS, INC.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. CO8-03265)
FIRMWIDE:86025851.1 024778.1000

14.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL