```
HANSON BRIDGETT LLP
KURT A. FRANKLIN - 172715
kfranklin@hansonbridgett.com
MOLLY A. LEE - 232477
mlee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
NORTHERN CALIFORNIA PRESBYTERIAN HOMES
AND SERVICES
```

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LILLIAN HYATT,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC.; MORRISON MANAGEMENT SPECIALISTS, INC. D/B/A MORRISON HEALTH CARE, INC.,<br><br>        Defendant. | No. C08-03265 PJH<br><br>**DEFENDANT NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND SERVICES, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF; DEMAND FOR JURY TRIAL**<br><br>Action Filed:    July 7, 2008<br>Trial Date:       None Set. |

Defendant Northern California Presbyterian Homes and Services, Inc. (hereinafter "Defendant") hereby answers the complaint of Lillian Hyatt (hereinafter "Plaintiff") and states as follows:

### I.     INTRODUCTION

1.     In answering Paragraph 1 of Plaintiff's complaint, Defendant neither admits nor denies the allegations contained in Paragraph 1 of the complaint for the reason that such allegations are legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant admits that it operates a life care

- 1 -

1  residential community called The Sequoias San Francisco, located at 1400 Geary
2  Boulevard, San Francisco, California.  Defendant further admits that Plaintiff resides at
3  The Sequoias San Francisco.  Except as so expressly admitted, Defendant denies each
4  and every material allegation contained in Paragraph 1 of Plaintiff's complaint.

5      2.    In answering Paragraph 2 of Plaintiff's complaint, Defendant neither
6  admits nor denies the allegations contained in Paragraph 2 of the complaint for the
7  reason that such allegations are conclusory, including legal conclusions, to which no
8  answer is required.  To the extent that an answer is required, Defendant denies each
9  and every material allegation in Paragraph 2 of Plaintiff's complaint.

10     **II.    JURISDICTION AND VENUE**

11     3.    In answering Paragraph 3 of Plaintiff's complaint, Defendant neither
12 admits nor denies the allegations contained in Paragraph 3 of the complaint for the
13 reason that such allegations are legal conclusions to which no answer is required.  To
14 the extent that an answer is required, Defendant admits that this Court has federal
15 question jurisdiction over Plaintiff's federal civil rights claims, including the Fair Housing
16 Act and Americans with Disabilities Act claims.  Except as so expressly admitted,
17 Defendant denies each and every material allegation contained in Paragraph 3 of
18 Plaintiffs' complaint.

19     4.    In answering Paragraph 4 of Plaintiff's complaint, Defendant neither
20 admits nor denies the allegations contained in Paragraph 4 of the complaint for the
21 reason that such allegations are legal conclusions to which no answer is required.  To
22 the extent that an answer is required, Defendant admits that Plaintiff seeks declaratory
23 and injunctive relief, however, Defendant denies that she is entitled to such relief.
24 Except as so expressly admitted, Defendant denies each and every material allegation
25 contained in Paragraph 4 of Plaintiff's complaint.

26     5.    In answering Paragraph 5 of Plaintiff's complaint, Defendant admits that
27 venue in this District is appropriate.  Except as so expressly admitted, Defendant denies
28 each and every material allegation contained in Paragraph 5 of Plaintiff's complaint.

### III. INTRADISTRICT ASSIGNMENT

6. In answering Paragraph 6 of Plaintiff's complaint, Defendant admits that intradistrict assignment in San Francisco is appropriate. Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 6 of Plaintiff's complaint.

### IV. PARTIES

7. In answering Paragraph 7 of Plaintiff's complaint, Defendant admits that Plaintiff resides in the City and County of San Francisco, and that she has lived at The Sequoias San Francisco since about April 2000. Defendant further admits that Plaintiff claims she is 83-years, and that she further claims to have numerous physical disabilities as defined under federal and state disability-access laws. Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 7 of Plaintiff's complaint.

8. In answering Paragraph 8 of Plaintiff's complaint, Defendant admits that it is a not-for-profit public charity that owns and operates The Sequoias San Francisco. Further, Defendant admits that The Sequoias San Francisco is a continuing care retirement community (CCRC), more specifically, it is a life care community (a subset of CCRCs). Defendant further admits that the independent living and assisted living areas of The Sequoias San Francisco are licensed as a residential care facility for the elderly (RCFE) under California Health and Safety Code section 1569 *et seq.* Also, Defendant admits there is a licensed skilled nursing facility that is part of The Sequoias San Francisco. Defendant additionally admits that it provides residents with housing, meals, and programs that include social and physical activities.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 8 of Plaintiff's complaint.

9. In answering Paragraph 9 of Plaintiff's complaint, Defendant admits that it contracts with Morrison Management Specialists, Inc. (Morrison). Defendant further

- 3 -

admits that Morrison and its employees run and operate the dining room at The Sequoias San Francisco.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 9 of Plaintiff's complaint.

## V.   FACTS

10. In answering Paragraph 10 of Plaintiff's complaint, Defendant admits that Plaintiff uses a walker. Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 10 of Plaintiff's complaint.

11. In answering Paragraph 11 of Plaintiff's complaint, Defendant admits that Plaintiff claims to have cricopharyngeal spasms or throat tightening. Defendant further admits that Plaintiff requests special food at The Sequoias San Francisco, and claims this is needed because she has a swallowing problem that requires her to eat slowly. Defendant further admits that Plaintiff eats pureed food, by her choice, mostly in her apartment.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 11 of Plaintiff's complaint.

12. In answering Paragraph 12 of Plaintiff's complaint, Defendant admits the Plaintiff claims to have macular degeneration, a type of vision impairment and are informed and believe that she is legally blind. Except as so expressly admitted, Defendant denies each and every allegation material contained in Paragraph 12 of Plaintiff's complaint.

13. In answering Paragraph 13 of Plaintiff's complaint, Defendant admits that Plaintiff special orders food from The Sequoias San Francisco dining room. Defendant further admits that Plaintiff regularly selects other food from The Sequoias San Francisco dining room buffet tables. Defendant also admits that Plaintiff chooses to eat her meals in her apartment, rather than the dining room.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 13 of Plaintiff's complaint.

14. In answering Paragraph 14 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 14 of Plaintiff's complaint.

15. In answering Paragraph 15 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 15 of Plaintiff's complaint.

16. In answering Paragraph 16 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 16 of Plaintiff's complaint.

17. In answering Paragraph 17 of Plaintiff's complaint, Defendant admits that Plaintiff signed a Care and Residence Agreement. Defendant further admits that its agreements provide residents, including Plaintiff, three meals per day. Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 17 of Plaintiff's complaint.

18. In answering Paragraph 18 of Plaintiff's complaint, Defendant admits that in 2003 Plaintiff and attorney Daniel Conrad complained about food service at The Sequoias San Francisco, asserting that Plaintiff needed to have all her food pureed. This is a service normally done only in assisted living, but was extended to Plaintiff in independent living. This matter, along with all related known and unknown claims, was settled between Plaintiff and Defendant in May 2003 in return for a one-year reduction in Plaintiff's monthly fees.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 18 of Plaintiff's complaint.

19. In answering Paragraph 19 of Plaintiff's complaint, Defendant admits that the independent-living area dining room at The Sequoias San Francisco has (a) a full-service section where residents order from menus and are served at their tables by dining room staff, and (b) a buffet section where residents typically serve themselves from four separate buffet stations. The full-service and buffet sections have separate entrances, but inside they are only separated by a planter. Dining room staff work both sections. During any meal, residents may choose either the buffet section or the full service-section. In addition, residents may order take-out meals via a bag lunch or

dinner take out.  Tray service can also be ordered through the Residential Care Clinic for residents that are not feeling well.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 19 of Plaintiff's complaint.

20.     In answering Paragraph 20 of Plaintiff's complaint, Defendant admits that the independent-living area dining room at The Sequoias San Francisco is generally open to residents for breakfast from 7:00 to 9:00 a.m., for lunch from 12:00 to 1:30 p.m., and for dinner from 5:00 to 7:00 p.m.  The full-service breakfast area generally does not open until 7:30 a.m.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 20 of Plaintiff's complaint.

21.     In answering Paragraph 21 of Plaintiff's complaint, Defendant admits that The Sequoias San Francisco has a five-week cyclical written menu schedule.  This is published in advance and distributed to residents in addition to being available in the dining room.  In addition, as a reminder, daily menu information is available on television information screens throughout The Sequoias, along with event information.  Soon, it is anticipated that this information will be available via cable on each resident's television set in his or her apartment.  Menus for the full-service and buffet sections are generally the same.  Typically, fresh fruits and vegetables are ordered seasonally.  Because she is on a special diet, Plaintiff has the ability to special order (and does special order) food items, including tofu, apricots and other fruits.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 21 of Plaintiff's complaint.

22.     In answering Paragraph 22 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 22 of Plaintiff's complaint.

23.     In answering Paragraph 23 of Plaintiff's complaint, Defendant admits that residents with walkers and wheelchairs may use either the buffet section or the full-service section of The Sequoias San Francisco's independent living dining room.

1  However, due to concerns about resident safety, falls in particular, residents who use
2  walkers are requested not to enter the four separate buffet stations with their walkers
3  during peak periods -- this safety precaution can lead to a 5 to 15 minute wait.  In
4  particular, Defendant has serious safety concerns (falls in particular) about Plaintiff, a
5  purported legally blind person, pushing her walker through buffet lines and around buffet
6  tables when the area is crowded with other elderly residents.  In addition, under the
7  current written bulletin, Defendant admits that residents who use walkers and want to
8  use the buffet section are asked to sit as near as possible to the full-service section of
9  the dining room.  Due to concerns about resident safety, Defendant also admits that
10  during a resident's meal the dining room staff will put walkers in the dining room storage
11  closet near the entrance of the full-service section.
12       Except as so expressly admitted, Defendant denies each and every material
13  allegation contained in Paragraph 23 of Plaintiff's complaint.
14       24.     In answering Paragraph 24 of Plaintiff's complaint, Defendant admits that
15  it takes resident safety seriously and that it believes fall prevention is important in all
16  areas of The Sequoias San Francisco, including the independent living dining room.
17  Defendant admits that during meals, once a resident who uses a walker is seated, staff
18  are instructed to put walkers in the dining room storage closet near the entrance of the
19  full-service section of the dining room.
20       Except as so expressly admitted, Defendant denies each and every material
21  allegation contained in Paragraph 24 of Plaintiff's complaint.
22       25.     In answering Paragraph 25 of Plaintiff's complaint, Defendant admits that
23  on many occasions it has engaged in an interactive process with Plaintiff in an effort to
24  address her concerns about her access to the dining room buffet lines at The Sequoias
25  San Francisco.  Defendant admits that due to both operational concerns and concerns
26  about resident safety, it did not accept each of Plaintiff's demands.  Defendant further
27  admits that Plaintiff has rejected many of Defendant's proposals related to use of
28

DEFENDANT NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND
SERVICES, INC.'S ANSWER TO COMPLAINT (CASE NO. C08-03265)     1582103.1

walkers in the dining room, resident safety, and Plaintiff's demand that she be allowed to use her walker in the buffet lines during peak periods.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 25 of Plaintiff's complaint.

26. In answering Paragraph 26 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 26 of Plaintiff's complaint.

27. In answering Paragraph 27 of Plaintiff's complaint, Defendant admits that in addition to directly communicating with each other, Plaintiff and Defendant have communicated through counsel as part of the interactive process and attempted to address Plaintiff's concerns about dining room access with her walker and Defendant's concerns about operations, falls, and resident safety.

Except as so expressly admitted, Defendant denies each and every material allegation contained in Paragraph 27 of Plaintiff's complaint.

28. In answering Paragraph 28 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 28 of Plaintiff's complaint.

29. In answering Paragraph 29 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 29 of Plaintiff's complaint.

30. In answering Paragraph 30 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 30 of Plaintiff's complaint.

## VI. CAUSES OF ACTION

### FIRST CLAIM

**(Federal Fair Housing Act, 42 U.S.C. §§3601, *et seq.*)**

31. In answering Paragraph 31 of Plaintiff's complaint, Defendant incorporates by reference its response to the allegations in Paragraphs 1 through 30.

32. In answering Paragraph 32 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 32 of Plaintiff's complaint.

## SECOND CLAIM

**(Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq.*)**

33. In answering Paragraph 33 of Plaintiff's complaint, Defendant incorporates by reference its response to the allegations in Paragraphs 1 through 32.

34. In answering Paragraph 34 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 34 of Plaintiff's complaint.

## THIRD CLAIM

**(California Fair Employment and Housing Act,**

**California Government Code, §§12900, *et seq.*)**

35. In answering Paragraph 35 of Plaintiff's complaint, Defendant incorporates by reference its response to the allegations in Paragraphs 1 through 34.

36. In answering Paragraph 36 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 36 of Plaintiff's complaint.

## FOURTH CLAIM

**(California Unruh Civil Rights Act, California Civil Code §51, *et seq.*)**

37. In answering Paragraph 37 of Plaintiff's complaint, Defendant incorporates by reference its response to the allegations in Paragraphs 1 through 36.

38. In answering Paragraph 38 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 38 of Plaintiff's complaint.

39. In answering Paragraph 39 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 39 of Plaintiff's complaint.

## FIFTH CLAIM

**(California Disable Persons Act, California Civil Code §54.1)**

40. In answering Paragraph 40 of Plaintiff's complaint, Defendant incorporates by reference its response to the allegations in Paragraphs 1 through 39.

41. In answering Paragraph 41 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 41 of Plaintiff's complaint.

42. In answering Paragraph 42 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 42 of Plaintiff's complaint.

### SIXTH CLAIM

### (Negligence)

43. In answering Paragraph 43 of Plaintiff's complaint, Defendant incorporates by reference its response to the allegations in Paragraphs 1 through 42.

44. In answering Paragraph 44 of Plaintiff's complaint, Defendant neither admits nor denies the allegations contained in Paragraph 44 of the complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 44 of Plaintiff's complaint.

45. In answering Paragraph 45 of Plaintiff's complaint, Defendant neither admits nor denies the allegations contained in Paragraph 45 of the complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 45 of Plaintiff's complaint.

46. In answering Paragraph 46 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 46 of Plaintiff's complaint.

47. In answering Paragraph 47 of Plaintiff's complaint, Defendant denies each and every material allegation in Paragraph 47 of Plaintiff's complaint.

### VII.   DENIAL UNLESS EXPRESSLY ADMITTED

Defendant denies each and every allegation contained in Plaintiff's complaint that is not expressly admitted herein.

### VIII.   PLAINTIFF'S PRAYER FOR RELIEF

In answering Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief for which she prays, or any relief in any amount or of any kind whatsoever.

## IX.     SEPARATE DEFENSES

Defendant hereby asserts the following separate and affirmative defenses to Plaintiff's complaint.

### FIRST SEPARATE DEFENSE

(Failure to State Claim)

As a first and separate defense, Defendant alleges that Plaintiff's complaint fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND SEPARATE DEFENSE

(Lack of Standing)

As a second and separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to challenge programs, services, assignments or actions for which she failed to apply, for which she was not denied or to which she was not subject.

### THIRD SEPARATE DEFENSE

(Moot)

As a third and separate defense, Defendant alleges that some or all of Plaintiff's claims are moot.

### FOURTH SEPARATE DEFENSE

(Reasonable Accommodations Made)

As a fourth and separate defense, Defendant alleges that it reasonably accommodates persons with handicaps and disabilities.

### FIFTH SEPARATE DEFENSE

(Printed Materials Not Discriminatory)

As a fifth and separate defense, Defendant alleges that Defendant's printed materials, notices or statements with regard to the use of its dwellings do not communicate any discriminatory motive or purpose to any ordinary reader or listener.

## SIXTH SEPARATE DEFENSE

(Failure to Exhaust Administrative Remedies)

As an sixth and separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent she has failed to exhaust applicable administrative remedies.

## SEVENTH SEPARATE DEFENSE

(Accommodation Sought Alters Nature of Business)

As a seventh and separate defense, Defendant alleges that the modifications to Defendant's programs, services, policies, assignments, activities and procedures requested by Plaintiff would fundamentally alter the nature of its business.

## EIGHTH SEPARATE DEFENSE

(Accommodation Sought Would Cause Undue Hardship)

As an eighth and separate defense, Defendants alleges that the modifications to programs, services, policies, assignments, activities and procedures requested by Plaintiff would cause an undue financial or administrative hardship on Defendant.

## NINTH SEPARATE DEFENSE

(Requested Accommodation Is Not Readily Achievable/Feasible)

As an ninth and separate defense, Defendant alleges that the accommodations to the policies demanded by Plaintiff are not readily achievable and/or feasible.

## TENTH SEPARATE DEFENSE

(No Denial of Meaningful Participation)

As a tenth and separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff was not denied meaningful participation in nor denied the benefits of Defendant's programs, services, accommodations or activities.

## ELEVENTH SEPARATE DEFENSE

(Non-Discrimination)

As a eleventh and separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant's actions about which Plaintiff complains

were justified by legitimate, nondiscriminatory reasons, including but not limited to reasons rationally related to the services performed, the facility, and the safety of others.

## TWELFTH SEPARATE DEFENSE

(No Standing Under FHA)

As an twelfth separate defense, Defendant alleges that Plaintiff lacks standing because she is unable to demonstrate a "pattern and practice" of discrimination under the Federal Fair Housing Act.

## THIRTEENTH SEPARATE DEFENSE

(Reasonable Business Justification)

As a thirteenth and separate defense, Defendant alleges that its policies with respect to residents who use walkers in the dining room were privileged or otherwise justified, proper, fair and legitimate, and supported by reasonable business justifications and were neither arbitrary, capricious, nor unlawful.

## FOURTEENTH SEPARATE DEFENSE

(Defendant's Conduct Not Intentional)

As a fourteenth and separate defense, Defendant alleges that the discriminatory conduct alleged by Plaintiff, if any, was not intentional.

## FIFTEENTH SEPARATE DEFENSE

(Reasonable Accommodation Offered)

As a fifteenth and separate defense, Defendant alleges that the policies and guidelines regarding the use of buffet lines are interpreted and applied so as to provide a reasonable accommodation to handicapped or disabled persons.

## SIXTEENTH SEPARATE DEFENSE

(No Undue Hardship)

As a sixteenth and separate defense, Defendant alleges that the policies and guidelines regarding the use of buffet lines by persons that use walkers do not impose an undue hardship on handicapped or disabled persons.

## SEVENTEENTH SEPARATE DEFENSE

(No Disparate Impact)

As a seventeenth and separate defense, Defendant alleges that the policies and guidelines regarding the use of walkers and other tripping hazards do not cause a disparate impact on any person.

## EIGHTEENTH SEPARATE DEFENSE

(Statutes of Limitation)

As a eighteenth and separate defense, Defendant alleges that Plaintiff's complaint is barred, in whole or in part, by the applicable statute(s) of limitation including but not limited to CCP §§337 and 343.

## NINETEENTH SEPARATE DEFENSE

(Defendant's Conduct In Compliance With California Law)

As an nineteenth and separate defense, Defendant alleges that Defendant's activities with respect to applicants or residents, if any, were required, privileged or otherwise justified under California law.

## TWENTIETH SEPARATE DEFENSE

(Direct Threat)

As a twentieth and separate defense, Defendant alleges that Plaintiff is not a qualified individual with a disability as she poses a significant risk or direct threat to the health and safety of herself or others if she pushes her walker through the buffet line during peak periods.

## TWENTY-FIRST SEPARATE DEFENSE

(Failure to State Legal Claim for Damages)

As a twenty-first and separate defense, Defendant alleges that Plaintiff's complaint fails to state any claim for relief upon which compensatory or monetary damages may be awarded.

DEFENDANT NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND
SERVICES, INC.'S ANSWER TO COMPLAINT (CASE NO. C08-03265)                               1582103.1

## TWENTY-SECOND SEPARATE DEFENSE

(Full Access To Facilities)

As a twenty-second and separate defense, Defendant alleges that at no time did Defendant's policies and procedures result in less than full access for handicapped or disabled persons at Defendant's facility.

## TWENTY-THIRD SEPARATE DEFENSE

(No Liability For Employees Acting Outside Scope)

As a twenty-third and separate defense, Defendant alleges, on information and belief, that to the extent any employee or agent of Defendant are shown to have acted outside the course of his or her duties, Defendant may not be held liable for such acts.

## TWENTY-FOURTH SEPARATE DEFENSE

(Actions Undertaken With Due Care And In Good Faith)

As a twenty-fourth and separate defense, Defendant alleges that at all relevant times, Defendant and its agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable statutes, rules, regulations, and established procedures and practices, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws.

## TWENTY-FIFTH SEPARATE DEFENSE

(Third Party Liability)

As a twenty-fifth and separate defense, Defendant alleges that to the extent Plaintiff has suffered any injury, the injury is due in whole or in part to persons or forces other than Defendant.

## TWENTY-SIXTH SEPARATE DEFENSE

(Residential Retirement Facility - Independent Living Versus Assisted Living)

As a twenty-sixth and separate defense, Defendant alleges that the independent living area of The Sequoias San Francisco, where Plaintiff resides, does not provide a level of service that is available in its assisted living area where Defendant has

appropriate staff and facilities to accommodate Plaintiff's needs.

## TWENTY-SEVENTH SEPARATE DEFENSE

(Estoppel)

As a twenty-seventh and separate defense, Defendant alleges that Plaintiff's complaint, and each purported cause of action contained therein, is barred by the doctrine of estoppel based on Plaintiff's own conduct, acts, and omissions.

## TWENTY-EIGHTH SEPARATE DEFENSE

(Waiver)

As a twenty-eighth and separate defense, Defendant alleges, on information and belief, that Plaintiff by her own conduct has waived any claims she may have against Defendant arising from the incidents asserted in her complaint.

## TWENTY-NINTH SEPARATE DEFENSE

(Unclean Hands)

As a twenty-ninth and separate defense, Defendant alleges, on information and belief, that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## THIRTIETH SEPARATE DEFENSE

(Laches)

As a thirtieth and separate defense, Defendant alleges, on information and belief, that Plaintiff's claims are barred by the equitable doctrine of laches.

## THIRTY-FIRST SEPARATE DEFENSE

(Settlement)

As a thirty-first and separate defense, Defendant alleges that Plaintiff's complaint, and each purported cause of action contained therein, is barred because the parties (while denying any wrongdoing or liability) have already settled their dispute.

## THIRTY-SECOND SEPARATE DEFENSE

(Accord and Satisfaction)

As a thirty-second and separate defense, Defendant alleges that Plaintiff's complaint, and each purported cause of action contained therein, is barred by

because there is an accord and satisfaction as to Plaintiff's concerns with the dining room and meals served by Defendant.

### THIRTY-THIRD SEPARATE DEFENSE

(Reservation of Right to Assert Additional Defenses)

As a thirty-third and separate defense, because Plaintiff's complaint is vague, ambiguous, and written in conclusory terms, Defendant cannot fully anticipate all legal defenses that may be applicable to this action.  Accordingly, Defendant reserves the right to assert additional legal defenses to the extent such defenses are applicable.

### X. DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by this action;
2. That judgment be entered in Defendant's favor;
3. That Defendant recover its costs in this proceeding, including reasonable attorneys' fees; and
4. That the Court grant such other and further relief as it deems appropriate.

### XI. DEMAND FOR JURY TRIAL

Defendant demands a jury trial.

DATED: August 18, 2008                        HANSON BRIDGETT LLP

By:/s/ Kurt A. Franklin
KURT A. FRANKLIN
Attorneys for Defendant
NORTHERN CALIFORNIA
PRESBYTERIAN HOMES AND
SERVICES

DEFENDANT NORTHERN CALIFORNIA PRESBYTERIAN HOMES AND
SERVICES, INC.'S ANSWER TO COMPLAINT (CASE NO. C08-03265)                1582103.1