UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LILLIAN HYATT,

        Plaintiff,

        v.

NORTHERN CALIFORNIA
PRESBYTERIAN HOMES AND
SERVICES, INC., et al.,

        Defendants.
_____/

No. C 08-3265 PJH

**ORDER CONTINUING HEARING DATE**

        On February 9, 2010, defendant Northern California Presbyterian Homes and Services, Inc. ("NCPHS") filed a motion for summary judgment. On February 10, 2010, both defendant Morrison Management Specialists, Inc. ("Morrison") and plaintiff filed a motion for summary judgment. All three motions were noticed for hearing on March 17, 2010, in accordance with the April 13, 2009 case management and pretrial order.

        Pursuant to Civil Local Rule 7-3(a), the oppositions to the motions were due on February 24, 2010. Both NCPHS and Morrison filed oppositions to plaintiff's motion on February 24. However, at five minutes to midnight on February 24, plaintiff's counsel Pamela Cohen filed an administrative motion seeking leave to file a late opposition to defendants' motions – specifically, she requested an extension of time to file her opposition to February 26, 2010, or "any such shorter time as the Court may order."

Although plaintiff's counsel's office is located in this judicial district, Ms. Cohen asserts, in effect, that she is unfamiliar with the Civil Local Rules of this court. She claims that she was under the impression that briefing schedule for the pending motions would be governed by Federal Rule of Civil Procedure 56, rather than by the local rules.

Under Civil Local Rule 7-11(b), any opposition to an administrative motion must be filed no late than four days after the motion is filed. Since plaintiff filed her motion on February 24, 2010 (barely), defendants had until Monday, March 1, 2010 to oppose the motion, and the court was precluded from ruling on the motion until defendants had had an opportunity to respond. However, on February 26, 2010, plaintiff filed her late opposition to NCPHS' motion, and on February 26 and 27, 2010, filed her late opposition to Morrison's motion.

Also on February 26, 2010, defendants filed an opposition to plaintiff's administrative motion, arguing that ignorance of the rules is not sufficient to show excusable neglect, that plaintiff failed to file a motion for an order shortening time prior to the prescribed deadline, and that the procedure she utilized – an administrative motion – is not the proper procedure when a party is seeking an extension of time. Defendants request additional time to file their reply briefs, or, in the alterative, request that the court strike plaintiff's late-filed opposition briefs.

Although defendants are correct in asserting that plaintiff has not established excusable neglect, and has improperly requested an extension of time on the very date the oppositions were due, the court is unwilling to strike plaintiff's late-filed opposition briefs, and is also unable to review the motion papers in less than the two weeks required under the local rules (from filing of reply brief to hearing date). Accordingly, the court has little recourse but to continue the hearing date.

The date for the hearing on defendants' motions is CONTINUED to Wednesday, March 31, 2010, at 9:00 a.m. The reply briefs shall be filed no later than Wednesday, March 10, 2010.

In addition, the court strongly admonishes ALL of plaintiff's counsel of record that

they are REQUIRED to familiarize themselves with the local rules of this court, and are also REQUIRED to follow those rules.

**IT IS SO ORDERED.**

Dated: March 1, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge